UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEIL D. AGUILLON-PALERMO, BV3339,

Petitioner,

v.

ARTHUR GUILLEN, Acting Warden,[1]

Respondent.

Case No. 26-cv-10757-CRB (PR)

**ORDER DISMISSING MIXED PETITION CONTAINING BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS WITH LEAVE TO AMEND**

Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Monterey County Superior Court based on three claims: (1) improper sentence using false/incorrect enhancements; (2) ineffective assistance of counsel for failing to object to improper sentence; and (3) ineffective assistance of counsel for failing to object to other gang evidence. Petitioner raised the third claim in connection with his direct appeal but concedes that he has not raised the first or second claims in any state court.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). In California, state prisoners must provide the Supreme Court of California with a fair opportunity to rule on the merits of all their federal claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if

[1] Arthur Guillen, acting warden at SATF, is substituted in as the proper respondent in this habeas action under 28 U.S.C. § 2254.

United States District Court
Northern District of California

review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (California Supreme Court must be given opportunity to review state prisoners' federal claims).

Petitioner's mixed petition – a petition containing both exhausted and unexhausted claims – must be dismissed without prejudice. See Rose, 455 U.S. at 522. But when faced with a mixed petition, as is the case here, the district court must give the petitioner the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claim, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

Within 28 days of this order, petitioner shall inform the court in writing whether he wishes to (1) withdraw his unexhausted claims and proceed only on his exhausted claim, or (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted.[2] Failure to respond within the designated time will result in the dismissal of the entire mixed petition without prejudice to filing a new federal petition containing only exhausted claims.

**IT IS SO ORDERED**.

Dated: November 19, 2026

CHARLES R. BREYER
United States District Judge

[2] Petitioner may be able to seek a stay of these proceedings if he can show that there was good cause for his failure to exhaust the unexhausted claims in state court, and that the claims are potentially meritorious. See Rhines v. Webber, 544 U.S. 269, 277 (2005).